[Crim. No. 11869. Third Dist. May 24, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDALL PATRICK BEST et al., Defendants and Appellants.

COUNSEL

Houston N. Tuel, Jr., under appointment by the Court of Appeal, Coden & Tuel and Emmy J. Allen for Defendants and Appellants.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Charles P. Just, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EVANS, Acting P. J.—Defendants Best and Hansen were each convicted by a jury of committing rape in concert. (Pen. Code, §§ 261, subd. 2; 264.1.) The substantive issue presented in this appeal is whether Penal Code section 264.1 deals with an enhancement or a crime of substance. Defendants argue that it provides an enhancement and as such the court erred in refusing to strike the enhancement.

The following facts, gleaned from the record in the light most favorable to the judgment (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738]), reveal the defendants and some of their roommates had been drinking rather extensively at their home one evening. At about midnight, defendant Hansen called the victim, Karen S., at her home to see if she wanted to "come over and party." Hansen had an intent to engage in sex with her; however, he urged her to come because one of his roommates, Robert Othon, one of her "very good friend[s]" she had been dating, wanted to talk to her.

Karen accepted the invitation and explanation. Defendants drove to her house, picked her up, and returned to their residence. Karen was intoxicated. When the three entered the house, Karen found that Othon was not present. She asked defendants what was going on and received no response. Karen said she would wait for Othon and sat down.

At that time Best or Hansen pushed Karen to the floor, one of them removed her pants, and Best held her upper arms, pinning her on her back, while Hansen proceeded to have intercourse with her. Karen struggled and screamed; Best struck her about the head several times, telling her the more she resisted the more she would be hurt.

When Hansen concluded the sexual act, he left the room, and Best released Karen. She dressed and tried to use the phone to call the sheriff. Best successfully prevented her from completing the call. She then ran from the house, and eventually contacted the authorities.

A sheriff's deputy contacted Karen at home at about 4 a.m. and found her in a "hysterical condition." One eye was swollen, and she had scratches on her arm and wrist. Karen was taken to a hospital, where a doctor found bruises around the eye, forehead and temple, as well as on her upper arms, and nonmotile sperm in her vagina.

There was testimony that one or two weeks before the rape, Karen had attended a party at defendants' residence. During the course of that evening, Karen began an act of sexual intercourse with Hansen, but broke off the intercourse in order to find Othon.

Both defendants testified. Best stated Karen had been constantly flirtatious on the evening of the alleged rape, and had engaged in consensual sex with Hansen. Best also said that during intercourse, he did not hold Karen down or hit her, he merely watched. When Hansen finished, Best attempted an act of intercourse with Karen; however, Karen suddenly kicked him in the groin, and he responded by striking her three or four times. Karen then did try to call the sheriff, but Best prevented her and told her to get out of his house.

Hansen's testimony was consistent with Best's story. Hansen testified that he and Karen had consensual sex while Best watched. When finished, he left the room, and heard Karen and Best arguing. He returned to see Best slap Karen and tell her to be quiet.

■ Defendants contend that Penal Code section 264.1 is an enhancement statute, and the trial court abused its discretion by failing to strike the enhancement.

The information charged each defendant with a violation of Penal Code section 261, subdivision 2 (rape accomplished by means of force or fear of immediate and unlawful bodily injury), and further alleged, in the language of Penal Code section 264.1, that in committing the rape defendants voluntarily acted in concert. The information did not explicitly refer to section 264.1 by section number. The jury found defendants guilty of a violation of section 261, subdivision 2, and further found they committed an act of rape in concert.[1]

At sentencing, defendants argued that section 264.1, proscribing rape in concert, establishes an enhancement not a separate crime, and that a sentencing court has authority, under Penal Code sections 1170, subdivision (a)(2), and 1170.1, subdivision (h), and California Rules of Court, rule 445, to strike the enhanced punishment if mitigating factors are presented.[2] The court acknowledged the presence of mitigating factors in defendants' cases, and stated it would be inclined to strike the punishment imposed by section 264.1 if it were an enhancement. The court concluded, however, that it had no power to do so because section 264.1 sets out a separate substantive crime. Accordingly, the court sentenced each defendant to five years, the lower term under section 264.1.

On appeal defendants claim the fact of concerted action was pleaded and proved as an enhancement. They argue the language of section 264.1 reveals it to be an enhancement. They cite several cases (*People* v. *Navarro* (1981) 126

---

[1]At the time, Penal Code section 264.1 provided: "The provisions of Section 264 notwithstanding, in any case in which defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim, committed the rape, either personally or by aiding and abetting such other person, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison for five, seven, or nine years." (Stats. 1978, ch. 579, § 15, p. 1983.)

Penal Code section 264 provides in part: "Rape, as defined in Section 261, is punishable by imprisonment in the state prison for three, six, or eight years. . . ."

Section 264.1 has since been amended slightly in ways not relevant here. (Stats. 1982, ch. 1111, § 4.)

[2]Penal Code section 1170, subdivision (a)(2), provides that when three possible punishments are prescribed by a statute, the sentencing court is to select one as the base term; it then provides, "The court, *unless it determines that there are circumstances in mitigation of the punishment prescribed,* shall also impose any other term which it is required by law to impose as an additional term. . . ." (Italics added.)

Penal Code section 1170.1, subdivision (h) (formerly subd. (g)), provides: "Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7 if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

Rule 445 of the California Rules of Court provides: "The sentencing judge should not strike an allegation that was charged and found under section 667.5, 12022, 12022.5, 12022.6, or 12022.7. If he finds that there are circumstances in mitigation, he may strike the additional term of imprisonment provided as an enhancement by the applicable section."

Cal.App.3d 785, 788 [179 Cal.Rptr. 118]; *People* v. *Lopez* (1981) 116 Cal.App.3d 882, 886 [172 Cal.Rptr. 374]; *People* v. *Wheeler* (1977) 71 Cal.App.3d 902, 907 [139 Cal.Rptr. 737]; *People* v. *Gutierrez* (1978) 80 Cal.App.3d 829, 839 [145 Cal.Rptr. 823]; see also *People* v. *Calimee* (1975) 49 Cal.App.3d 337, 341 [122 Cal.Rptr. 658]) where section 264.1 is mentioned as an "enhancement."

Those cited cases did not confront the issue presented here. Our analysis of the statutes and authorities compels the conclusion that Penal Code section 264.1 establishes a separate crime for rape in concert, not merely an enhancement.

California Rules of Court, rule 405(c), describes an "enhancement" as "an additional term of imprisonment added to the base term." Under subdivision (b), a "base term" is "the determinate prison term selected from among the three possible terms prescribed by statute . . . ." Thus an enhancement does not define a crime or offense (see *People* v. *Superior Court* (*Grilli*) (1978) 84 Cal.App.3d 506, 512 [148 Cal.Rptr. 740], and cited cases), but merely fixes an additional penalty to be added to the selected base term. (See Cassou & Taugher, *Determinate Sentencing in California: The New Numbers Game* (1978) 9 Pacific L.J. 5, 22-24.)

By way of illustration, the Penal Code establishes one series of enhancements for prior prison terms served. (Pen. Code, §§ 667.5, subds. (a) and (b); 667.51, subd. (a); 667.6, subds. (a) and (b).) Each of those provisions adds a specified term (e.g., three years [§ 667.5, subd. (a)], one year [§ 667.5, subd. (b)], ten years [§ 667.6, subd. (b)]) to the base term selected for the offense. Moreover, each provision describes the additional term as an "enhancement."

The Penal Code establishes another series of enhancements in instances where the criminal is armed with or uses a dangerous weapon (Pen. Code, §§ 12022, subds. (a) and (b); 12022.3; 12022.5), takes, damages, or destroys property (§ 12022.6), inflicts great bodily injury (§§ 12022.7, 12022.8), or where he is free on bail or uses metal-piercing ammunition. (§§ 12022.1, 12022.2.) Some of these provisions employ the word "enhancement" (see §§ 12022.1, 12022.3, 12022.8) while the others provide for "an additional term" of a certain length. Again, the principle is the same: an additional fixed term is added to the selected base term.

Penal Code section 264.1 may superficially appear to be an enhancement, because it speaks of the "fact" of concerted action being charged and "found to be true." (Cf. §§ 667.5, subd. (d); 1170.1, subd. (f).) However, the section does not use the word "enhancement," nor does it set out an "additional term" to be appended to a base term. It provides that the defendant "shall suffer con-

finement" for one of three prescribed base terms, just as other substantive crimes prescribe three base terms. Further, throughout the Penal Code, section 264.1 is repeatedly referred to as a separate sex "offense" or "violation." (See e.g., Pen. Code, §§ 1170.1, subd. (i); 667.51, subd. (b); 667.6, subds. (c) and (d); 1203.065, subds. (a) and (b); 12022.3; 12022.8.) It is similarly referred to in the Evidence Code. (See Evid. Code, §§ 782, subd. (a); 1103, subd. (b).)

Evidence Code section 782, subdivision (a), provides in pertinent part: "In any prosecution under Section 261, 264.1, . . ." That section clearly sets the provisions of section 264.1 among those describing substantive separate crimes for which prosecution may be had without reference to any other committed acts.

The provisions of section 12022.3, providing for enhancement of punishment, specify section 264.1 as a substantive crime for which additional punishment of three years shall be added if the crime is accomplished with the use of a firearm. The same is true of the provisions of section 12022.8. That section provides for a five-year enhancement when a defendant inflicts great bodily injury "on any victim in a violation of subdivision 2 or 3 of Section 261, Section 264.1, . . ." The legislative intent is clearly expressed that rape in concert is a separate crime for which three alternative punishments are stated from which a base term may be selected. It is not an enhancement subject to a motion to strike within the discretion of the trial judge.

■ Defendants also assert that if section 264.1 does establish a separate crime, the jury failed to find them guilty of that crime. The basis for the argument is that in the verdicts, the jury found each defendant separately guilty of forcible rape (Pen. Code, § 261, subd. 2), and found that they committed an act of rape in concert. The verdicts do not specify the Penal Code sections involved, but rather find the defendants "*GUILTY* of forcible rape as charged, and further find [defendants] *DID* voluntarily act in concert in the commission of the offense." (Emphasis in original.)

Defendants seem to argue further that because the information did not "charge" a violation in the language of the Penal Code and further specify the section 264.1 as a separate crime, they were deprived of their constitutional right to notice of the charges against them. (See *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368 [173 Cal.Rptr. 453, 627 P.2d 183]; *People* v. *Puckett* (1975) 44 Cal.App.3d 607, 611 [118 Cal.Rptr. 884].)

Both contentions are meritless, if not specious. The information alleged, as section 264.1 requires, that defendants had committed a rape, and that they had acted in concert. Defendants knew precisely what charge required confrontation and knew they could be punished for up to as much as nine years' im-

prisonment.[3] Defendants argue the finding of rape accomplished in concert does not amount to a finding of guilt. They rely on *People* v. *Superior Court (Grilli), supra,* 84 Cal.App.3d at pages 512-513. That case is inapposite. It deals with Penal Code section 12022.7, an *enhancement* for inflicting great bodily injury. Obviously, the fact that an enhancement is found true does not constitute a finding that the accused is guilty of any substantive crime.

The abstracts of judgment require correction since they show convictions only under section 261, subdivision 2; they must be amended to reflect convictions under section 264.1, and the punishments under section 261, subdivision 2, stayed.

Other contentions raised by the defendants are insubstantial and do not merit discussion in a published opinion.

The judgments of conviction are affirmed.

Blease, J., and Carr, J., concurred.

A petition for a rehearing was denied June 20, 1983, and appellants' petition for a hearing by the Supreme Court was denied September 14, 1983.

---

[3]It is noteworthy that defendants requested an instruction which provided, "You are advised that if you find the defendant[s] *guilty of [a] violation of section 264.1 of the Penal Code,* the judge has no discretion to grant the defendant probation . . . ." (Italics added.) The instruction was properly rejected.