[Crim. No. 13683. Third Dist. Sept. 30, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY LESTER BELLER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except parts I, IV, and V of the Discussion.

COUNSEL

Dale S. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RODDA, J.***—Following a jury trial, defendant Gary Lester Beller was convicted of two counts of violating Penal Code[1] section 211 (robbery) and two counts of violating section 245, subdivision (a)(2) (assault with a deadly weapon). The jury also found defendant used a firearm in the commission of the offenses (§ 12022.5). After being sentenced to 16 years in state prison, defendant appeals, contending the trial court erred in: (1) refusing to grant his pretrial motion for change of venue; (2) refusing to permit him to introduce into evidence expurgated versions of third-party declarations against penal interest; (3) sentencing him pursuant to the sentencing scheme prescribed in section 213.5; (4) sentencing him to the upper term of robbery; and (5) imposing an aggregate term of imprisonment which exceeds that prescribed under section 1170.1. For the reasons expressed below, we will remand this case for a redetermination of defendant's sentence. In all other respects, we will affirm the judgment.

*Assigned by the Chairperson of the Judicial Council.

[1]All further statutory references are to the Penal Code unless otherwise indicated.

FACTS AND PROCEDURAL BACKGROUND

On February 15, 1983, at approximately 9:45 p.m., two intruders broke into the mobilehome of Mr. and Mrs. Hale. The two men had covered their faces so that only their eyes were exposed. One of the men, dressed in a plaid jacket, blue jeans, a wool ski mask, and boots, fired a shot at a pottery bowl in the home causing it to break. Mrs. Hale was hit on the head by one of the intruders and knocked to the floor; her hands and feet were tied together. While Mrs. Hale was face down on the floor, the intruder in the plaid jacket stuck a gun in her anus and threatened "I'll blow you to pieces." Mr. Hale, who had been asleep at the time of the intrusion, was awakened, struck by one of the men, dragged into the living room, and tied up. One of the men asked Mr. Hale where his guns were kept; he then stuck a gun in Mr. Hale's mouth and said, "If you don't tell me I'll blow your fucking head off." After taking approximately $49,300 worth of cash and property from the home, the two men fled in the Hales' pickup truck.

At approximately 10:45 p.m. that same night, Tehama County Sheriff James Sulzer received information of the Hale robbery over his radio. Within a few minutes of receiving the call, he spotted a pickup matching the description of the Hales' truck. The officer activated his red light and began to follow the vehicle; the truck sped up, lost control as it made a turn, and went off into a ditch. When the officer reached the location of the pickup, he found the engine running, but no one was present. Two other officers arrived at the scene and assisted Officer Sulzer in a search of the nearby area. After following footprints across a muddy field, the officers found defendant, wearing a plaid jacket, levis, and black boots, prone in the mud. Defendant was taken into custody.

Defendant was charged by information with two counts of violating section 211 (robbery) and two counts of violating section 245, subdivision (a)(2) (assault with a deadly weapon). The information also charged that, in the commission of the offenses, defendant used a firearm within the meaning of section 12022.5.

Following a jury trial, defendant was found guilty of all four counts charged in the information; the enhancement allegations were found to be true. Defendant was sentenced to state prison for the aggregate term of 16 years. The court imposed consecutive upper terms of six years each for counts one and two (§ 211) plus two two-year terms for the firearm use allegations. (§ 12022.5.) The court also imposed upper terms of four years each for counts three and four (§ 245, subd. (a)(2)) to be served concurrently with the sentences imposed for counts one and two.

Defendant appeals from the judgment.

## Discussion

### I*

. . . . . . . . . . . . . . . . . . . . . . . . .

### II

Defendant also asserts as error the trial court's ruling as to the admissibility of two third party declarations against penal interest. At trial, the prosecution filed a motion *in limine* to prevent defense counsel from introducing portions of the extrajudicial statements of accomplices Travis Jordan and Michael Britt.[3] Jordan had confessed to the police that he, along with defendant and Britt, had robbed the Hales. Britt also made statements to the police to the effect that he, defendant, and Jordan had been involved in the robbery. Neither Jordan nor Britt was available to testify at trial.[4] Defense counsel stated his intent to introduce the statements, but only after excising any reference to defendant.[5] Defendant contended that the excised statements were offered to show that defendant did not enter the mobilehome and therefore did not personally use the gun as required by section 12022.5. The victims testified to there having been only two culprits in the mobilehome who were of a similar size. Defendant is apparently significantly larger than either Britt or Jordan. Therefore, according to defendant's theory, there were actually three participants in the robbery; defendant was the one who did not enter the home, and, therefore, he did not use a gun. However, defendant did not attempt to introduce any evidence of the fact that three individuals may have been involved; he merely attempted to admit the expurgated statements of Britt and Jordan. The trial court ruled that the statements were inadmissible in the form proposed by defendant and ob-

*See footnote, *ante,* page 904.

[3]Defense counsel had apparently attempted to introduce expurgated versions of the out-of-court statements at an earlier trial.

[4]Jordan invoked his Fifth Amendment privilege against self-incrimination; Britt is dead.

[5]It is not entirely clear from the record whether defendant wanted to alter Britt's statement to the effect that Britt and Jordan committed the offense and Jordan's statement to the effect that Jordan and Britt were involved in the robbery, or whether he wished to amend Britt's statement to include only the reference to Britt himself and Jordan's statement to refer solely to Jordan himself. On appeal, defendant asserts the former. In either case, the amended statements would exclude any reference to defendant and would have led the jury to believe that the two intruders had already confessed.

served the statements would only be admitted in their complete form.[6] Defendant did not introduce the statements.

Defendant asserts that the court's ruling improperly denied him the opportunity to present evidence in his favor. We are unpersuaded by this argument. The amended statements, although hearsay, were admissible under the exception to the hearsay rule for declarations made against the penal interest of the declarant. (Evid. Code, §§ 1201, 1230.) However, the trial court correctly concluded that the statements excised in the manner suggested by defendant would have been misleading to the jury. A court has discretion to exclude evidence if its probative value is substantially outweighed by the probability its admission would create substantial danger of misleading the jury. (Evid. Code, § 352.) The admission of the excised statements would have led the jury to believe that the only two individuals involved in the robbery had already confessed. Because no evidence was introduced to support the theory that three individuals may have been involved, the statements as altered would have tended to completely exonerate defendant.[7] We conclude the trial court did not err in refusing to allow defendant to introduce the statements as amended.

III

Defendant also claims the court committed various errors in sentencing. Initially, defendant contends the trial court erred in sentencing him pursuant to the sentencing scheme of section 213.5. We agree.

Defendant was charged by information with "willfully, unlawfully, and by means of force and fear tak[ing] personal property from the person,

[6]No attempt was made by either party to introduce the statements in their entirety. We note, however, that the trial court's gratuitous assertion that the statements were admissible in their entirety was erroneous. In *People* v. *Leach* (1975) 15 Cal.3d 419, 441 [124 Cal.Rptr. 752, 541 P.2d 296], the court held that the declarations against interest exception to the hearsay rule (Evid. Code, § 1230) is ". . . inapplicable to evidence of any statement or portion of a statement not itself specifically disserving to the interests of the declarant." Consequently, the statements of Jordan and Britt were admissible as exceptions to the hearsay rule only to the extent that they implicated the declarant. However, the court correctly concluded that the statements as altered would have been misleading to the jury. The proper characterization of the court's ruling is that it sustained the prosecutor's objection to the introduction of the statements in the proposed form.

[7]Defendant contends he was placed in the position of making a choice between two constitutional rights, i.e., either admitting an out-of-court inculpatory statement without having the opportunity to cross-examine the declarant or foregoing his right to present a defense. However, we have previously concluded that it would have been error to admit the statements in their entirety. The only issue therefore is whether the court's ruling that the amended statements were inadmissible impermissibly precluded defendant from presenting a defense. We conclude it did not. The right to present a defense does not include the right to mislead the jury. "[T]he prosecution as well as the defendant is entitled to the protection of the court from prejudicial evidence." (*People* v. *Arline* (1970) 13 Cal.App.3d 200, 205 [91 Cal.Rptr. 520].)

possession, and immediate presence" of Mr. and Mrs. Hale in violation of section 211.[8] The jury found defendant guilty of two counts of robbery "in violation of Section 211 of the California Penal Code, as charged in . . . the Information on file herein."

Section 213 provides in pertinent part that "except as provided in sections 211a and 213.5, robbery is punishable by imprisonment in the state prison for two, three, or five years." At sentencing, the court found the offenses came within section 213.5. That section provides that "[e]very robbery perpetrated in an inhabited dwelling house or trailer coach as defined in the Vehicle Code is punishable by imprisonment in the state prison for three, four, or six years." The court imposed the upper term of six years on each of the robbery counts.

Defendant contends the sentencing court was precluded from making a finding as to the applicability of section 213.5. Defendant argues that the trial court, by making the finding that the robbery occurred in an inhabited dwelling, was in effect imposing an enhancement. An enhancement must be properly pleaded and proved. (§ 1170.1, subd. (f).) However, we cannot agree that section 213.5 specifies an enhancement. California Rules of Court, rule 405(c) defines "[e]nhancement" as "an additional term of imprisonment added to the base term." A base term is "the determinate prison term selected from among the three possible terms prescribed by statute . . ." (Rule 405(b).) "[A]n enhancement does not define a crime or offense [citations] but merely fixes an additional penalty to be added to the selected base term. [Citation.]" (*People* v. *Best* (1983) 143 Cal.App.3d 232, 236 [191 Cal.Rptr. 614].)

Because section 213.5 does not provide that an additional term of imprisonment be added to a base term, but rather establishes three possible base terms, it is not properly classified as an enhancement. Nor does the statutory

[8]The information alleged in pertinent part: "GARY LESTER BELLER accused by the District Attorney of the County of Tehama, State of California, by this information, of the crime of Robbery, 2 Counts, and Assault with a firearm, 2 counts, for a total of 4 counts, each a felony, in violation of Sections 211 and 245(a)(2) of the California Penal Code with 2 SPECIAL ALLEGATIONS. committed as follows:

"COUNT I

"The said GARY LESTER BELLER on or about the 15th day of February A.D., 1983 at and in the County of Tehama and State of California, and prior to the filing of this information did willfully, unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of JOHN PAUL HALE.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"COUNT II

"The said GARY LESTER BELLER on or about the 15th day of February, 1983 and in the County of Tehama and State of California, and prior to the filing of this information did willfully, unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of ARGENT HALE."

scheme purport to establish various degrees of robbery. In fact, the previously existing classification of robbery by degrees (see former § 211a (Stats. 1923, ch. 127, § 1) was abolished in 1976. (Stats. 1976, ch. 1139, § 137.5.) Section 213.5 was enacted in 1982. (Stats. 1982, ch. 1293, § 2.) Therefore, the statutory requirement of section 1157 that degrees be determined by the trier-of-fact is not applicable in this case.[9]

We conclude, however, that the trial court erred in sentencing defendant pursuant to section 213.5. Section 952 provides that "[i]n charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. . . . Such statement . . . may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused." A jury, or a judge if a jury trial is waived, may find a defendant guilty of the offense charged, a necessarily included offense, or an attempt to commit such offense. (§ 1159.) However, "[a] person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had committed that offense. [Citations.]" (*In re Hess* (1955) 45 Cal.2d 171, 174-175 [288 P.2d 5].) Under principles of due process a defendant is entitled to receive notice of the charges against him and the facts a prosecutor tends to prove. (See *People* v. *Jackson* (1985) 37 Cal.3d 826, 835, fn. 12 [210 Cal.Rptr. 623, 694 P.2d 736]; *In re Hess, supra,* 45 Cal.2d 171, 175; *People* v. *Ponds* (1955) 44 Cal.2d 665 [284 P.2d 793].) A fortiori, if a defendant cannot be convicted of an offense not charged, he cannot be sentenced for an uncharged offense.

The question we address then is: With what *offense* was defendant charged? That question necessitates an inquiry into the statutory scheme codifying the offense of robbery. Robbery is defined in section 211 as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." A conviction for robbery in violation of section 211 is punishable by imprisonment in the state prison for two, three, or five years. (§ 213.)

The Legislature, presumably determining that certain acts of robbery are more reprehensible than others, established separate statutory sections defining such aggravated acts and providing different penal sanctions. For

[9]We note that the Legislature distinguished *burglary* of an inhabited dwelling house or trailer coach from other kinds of burglary by establishing degrees of burglary. (§ 460.) In burglary cases, therefore, the statutory requirement that the jury determine the degree of a crime is applicable. (§ 1157.)

example, the Legislature provided that if a robbery is performed on a "person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire," the offender may be punished by imprisonment in state prison for three, four, or six years. (§ 211a.) A separate code section provides that "[e]very robbery perpetrated in an inhabited dwelling house or trailer coach as defined in the Vehicle Code is punishable by imprisonment" for three, four, or six years. (§ 213.5.)[10] Thus the base terms for a violation of section 211a or 213.5 are different from the base terms for a violation of section 211.

By adding additional elements to the crime of robbery, i.e., the requirement that the offense occur in an inhabited dwelling (§ 213.5) or the requirement that the robbery be committed on an operator of a vehicle for hire (§ 211a), and by providing separate base terms for such violations, the Legislature effectively established separate substantive crimes. (See *People* v. *Best, supra,* 143 Cal.App.3d 232 [rape committed in concert is a separate substantive crime from rape].) Thus, in order to be sentenced under section 213.5 or 211a, a defendant must be charged with that particular offense. (See *In re Hess, supra,* 45 Cal.2d 171, 175.)

In this case, the information did not charge defendant with perpetrating a robbery *in an inhabited dwelling or trailer coach.* Defendant was not informed that he would be required to controvert that fact. Furthermore, the finders of fact in this case—the jury—made no finding on that issue.[11] Nor was defendant made aware of the potential punishment of three, four, or six years for such offense. The district attorney's decision to charge defendant with violation of section 211 without including any allegations to the effect that the offense came within section 213.5 precludes the prosecution from claiming the sentencing scheme prescribed in section 213.5 is applicable.

IV*

. . . . . . . . . . . . . . . . . . . . . . . . .

[10]An additional code section defines the offense of train robbery; the elements of such offense are different from the elements included in the definition of a section 211 robbery. (See § 214.)

[11]We recognize that even after a jury trial, the court makes certain factual findings to support the imposition of an aggravated or a mitigated sentence. (§ 1170; Cal. Rules of Court, rules 421, 422.) However, before such sentencing a defendant would have been charged with a particular offense and found guilty beyond a reasonable doubt of all elements of that offense. Moreover, the defendant would have been put on notice of the potential sanctions for the offense as established in the specified code section.

*See footnote, *ante,* page 904.

DISPOSITION

The matter is remanded to the trial court for a redetermination of defendant's sentence consistent with this opinion. The judgment is affirmed.

Carr, Acting, P. J., and Sims, J., concurred.