[No. B018681. Second Dist., Div. Four. Feb. 19, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE KENNETH COLBERT, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Michael Tanaka, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Assistant Attorney General, Robert F. Katz and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GEORGE, J.—Appellant was convicted of robbery perpetrated in an inhabited dwelling in violation of former Penal Code section 213.5[1] and first degree burglary in violation of sections 459 and 460. The jury also found with reference to both counts that appellant was armed with a firearm within the meaning of section 12022, subdivision (a), used a firearm within the meaning of sections 12022.5 and 1203.06, subdivision (a)(1), and took property of a value in excess of $25,000 within the meaning of section 12022.6, subdivision (a).

Thereafter appellant waived his right to jury trial as to the remaining allegations in the information, which were that he previously had been convicted of "residential burglary, second degree," a serious felony within the meaning of section 667, subdivision (a), and had served a separate prison term therefor within five years preceding the charged offense within the meaning of section 667.5, subdivision (b). The trial court found these allegations to be true, denied probation, and sentenced appellant to state prison for the upper term of six years on the robbery, plus enhancements of two years for using a firearm (§ 12022.5), one year for taking property worth more than $25,000 (§ 12022.6, subd. (a)), and five years for the prior conviction of a serious felony (§ 667, subd. (a)), for a total term of fourteen years. The one-year enhancement for having served a prior prison term (§ 667.5, subd. (b)) was stayed, as was the one-year enhancement for being armed with a firearm (§ 12022, subd. (a)). Execution of sentence on the burglary count was stayed pursuant to section 654, which proscribes multiple punishment.

Appellant's counsel contends that under the decision in *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154], the trial court

---

[1] Hereinafter all statutory references are to the Penal Code unless otherwise indicated.
This offense is presently set forth in section 212.5 as first degree robbery, with no change in the prescribed punishment. (§ 213, subd. (a)(1).)

erred in finding that appellant's prior conviction constituted a serious felony. Additionally, appellant personally filed a supplemental brief arguing that the repeal of section 213.5 constitutes an abatement, compelling reversal of his conviction for robbery perpetrated in an inhabited dwelling. For the reasons discussed below, we affirm the judgment of conviction.

### FACTS

Due to the nature of the arguments raised, we find it unnecessary to relate the circumstances of the crime. We need examine only the evidence in support of the trial court's finding that appellant previously suffered a conviction for a serious felony.

Following the jury's verdict of guilty on the charged offenses and appellant's waiver of his right to jury trial as to the alleged prior conviction and prior prison term, the trial court received in evidence the following documents: (1) the information in the previous case alleging that on October 13, 1981, appellant had committed a burglary in that he "did willfully and unlawfully enter the residence and building occupied by Anthony and Joann Rosso with the intent to commit larceny," (2) an abstract of judgment and minute order reflecting that a jury had found appellant guilty of burglary in the second degree "as charged in the information," and (3) records of the Department of Corrections stating that appellant had been confined in state prison from August 1982 until April 1984. Relying on the decision in *People* v. *Longinetti* (1985) 164 Cal.App.3d 704 [210 Cal.Rptr. 729], and having examined the foregoing exhibits, the trial court found true the allegations that appellant had previously been convicted of a serious felony within the meaning of section 667, subdivision (a), and that appellant had served a prior prison term within the last five years within the meaning of section 667.5, subdivision (b).

### DISCUSSION

### I

### THE REPEAL OF SECTION 213.5 DOES NOT COMPEL REVERSAL OF THE ROBBERY CONVICTION UNDER THE RULE OF ABATEMENT

At the time of the commission of the offense in 1985 and appellant's sentencing the following year, section 213.5 provided that: "Every robbery perpetrated in an inhabited dwelling house . . . is punishable by imprisonment in the state prison for three, four, or six years." This section was enacted as an urgency statute in 1982 because "[t]he existing provisions of law [were] inequitable relative to the sentences for residential burglary

. . . ." (Stats. 1982, ch. 1293, § 4, p. 4783.) Three years later, in *People* v. *Beller* (1985) 172 Cal.App.3d 904 [218 Cal.Rptr. 488], the Court of Appeal reviewed a case in which an information charged the defendant with a violation of section 211, which defines the crime of robbery. At sentencing the trial court in *Beller,* finding the offense had been perpetrated inside an inhabited dwelling, applied the sentencing options applicable to "robbery perpetrated in an inhabited dwelling house," as then set forth in section 213.5. The Court of Appeal reversed, holding that by enacting section 213.5 defining residential robbery apart from the definition of robbery set forth in section 211, "the Legislature effectively established separate substantive crimes." (*Id.,* at p. 912.) Therefore, a sentence based on section 213.5 could not be imposed unless the defendant had been charged under that statute.

The following year, the Legislature repealed section 213.5 and enacted section 212.5 which establishes, among other provisions, that "[e]very robbery . . . which is perpetrated in an inhabited dwelling . . . is robbery of the first degree." Section 213 was also reenacted to provide the same punishment for first degree robbery that had been provided for the type of robbery described in section 213.5. The Legislature stated its purpose as follows: "It is the intent of the Legislature in enacting this act to abrogate, in part, the holding in People v. Beller, 172 Cal.App.3d 904 that robbery and residential robbery are separate substantive crimes. It has been and still is the intent of the Legislature that there is but one crime of robbery which is defined in Section 211 of the Penal Code, and that certain forms of robbery are more aggravated and deserving of greater punishment." (Stats. 1986, ch. 1428, § 6.)

Appellant contends that the repeal of section 213.5 during the pendency of his appeal compels reversal of his conviction under the rule of abatement. Decisional law implementing that rule refutes appellant's argument.

■  The purpose of the rule is to give effect to the presumed intention of the Legislature that, where that body repeals a criminal statute, the act described in the statute is no longer to be prohibited. "Where the Legislature has seen fit to repeal a statute making certain acts a crime it is reasonable to assume that in the absence of a saving clause the Legislature would *not have desired that anyone should be punished for what, by the repeal, it has now determined is not a crime.*" (*Sekt* v. *Justice's Court* (1945) 26 Cal.2d 297, 308 [159 P.2d 17, 167 A.L.R. 833].)  ■  When the intent of the Legislature is clearly not to decriminalize certain acts, the rule of abatement has no application: "Numerous California cases recognize that the rule barring prosecution under a repealed statute does not apply when the repealed statute is substantially reenacted, because in such cases 'it will be presumed that the legislative body "did not intend that there should be a

remission of crimes not reduced to final judgment." ' [Citations.]" (*Henry* v. *Municipal Court* (1985) 171 Cal.App.3d 721, 725 [214 Cal.Rptr. 726]; *People* v. *Alexander* (1986) 178 Cal.App.3d 1250, 1261 [224 Cal.Rptr. 290].)

■ In the present case, the provisions of the repealed statute, section 213.5, were reenacted in sections 212.5 and 213. There is no indication the Legislature intended to declare that residential robbery was no longer a crime; instead, as previously set forth, the Legislature expressly declared its intent to the contrary. Accordingly, appellant's argument that the repeal of section 213.5 compels a reversal of his robbery conviction must be rejected.

## II

### The Trial Court Did Not Err in Examining Court Documents, Including the Charge Set Forth in the Information, in Finding That Appellant's Prior Conviction Was for the Serious Felony of Residential Burglary

■ As worded at the time of appellant's trial, section 1192.7, subdivisions (c)(18) and (c)(19), respectively defined burglary of a residence and robbery as serious felonies, and section 667, subdivision (a) provided a sentence enhancement of five years in prison if a person convicted of a serious felony within the meaning of section 1192.7 had been previously convicted of a serious felony. Relying on the decision in *People* v. *Longinetti, supra,* 164 Cal.App.3d 704, the trial court looked to the wording of the information in appellant's prior case in finding that appellant previously had been convicted of residential burglary. Subsequent to the sentencing hearing in the present case, the *Longinetti* opinion was disapproved in *People* v. *Alfaro, supra,* 42 Cal.3d 627, 636, footnote 8. *Alfaro* held that the allegation in an information that the charged burglary was of a residence does not constitute "competent proof" to sustain a sentence enhancement under section 667, subdivision (a).

Several weeks after the filing of a stipulation between the parties waiving oral argument and submitting the present appeal on the briefs on file, the Supreme Court filed its opinion in *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150], which expressly overruled the *Alfaro* decision.[2]

---

[2] The parties submitted the matter to us with full awareness that the Supreme Court had granted review in the *Guerrero* case in order "to reconsider the *Alfaro* rule insofar as it

The Supreme Court in *Guerrero* adopted "the following rule for use in the context of section 667 enhancements: in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355.) However, that court stated it was "not called on to resolve such questions as what items in the record of conviction are admissible and for what purpose." (*Id.,* at p. 356, fn. 1.)

We observe that the record of each of the prior convictions before the trial court in *Guerrero* "included an accusatory pleading charging a residential burglary and defendant's plea of guilty or nolo contendere" (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 345), and that the Supreme Court concluded that "[u]nder the rule we adopt, the trial court acted properly" in examining those records in adjudicating the truth of the section 667 prior-conviction allegations. (*Id.,* at p. 356.)

Accordingly we hold that a trial court may properly consider the prior accusatory pleading in conjunction with other relevant court documents in determining the truth of an allegation that a defendant was previously convicted of the serious felony of "burglary of an inhabited dwelling house." (§ 1192.7.)

The court below, in reliance on correctly decided appellate authority (*People* v. *Longinetti, supra,* 164 Cal.App.3d 704), examined the information in the previous case, which alleged the commission of a burglary in which appellant had "enter[ed] the residence . . . occupied" by the victims, as well as an abstract of judgment and minute order reflecting that the jury had found appellant guilty "as charged in the information." Under the holding in *Guerrero,* the trial court did not err in considering these documents.

The question remains whether this evidence was sufficient to support a finding that appellant previously had been convicted of residential burglary, a serious felony under section 667, subdivision (a). Our examination of the documentary exhibits received in evidence at appellant's trial convinces us that the trial court clearly did not abuse its discretion in making the foregoing determination.

---

prohibits inquiry into court records beyond the elements of the offense 'necessarily adjudicated' in the judgment." (Respondent's brief, p. 6.)

## DISPOSITION

The judgment of conviction is affirmed.

McClosky, Acting P. J., and Rothman, J.,* concurred.

* Assigned by the Chairperson of the Judicial Council.