[No. H003890. Sixth Dist. Feb. 28, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
BRADLEY WILLIAM SNYDER, Defendant and Appellant.

COUNSEL

Richard Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and David Lew, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**CAPACCIOLI, Acting P. J.—**

*Statement of the Case*

Defendant Bradley Snyder appeals from a judgment of conviction for escape with force and violence (Pen. Code, § 4532, subd. (b)).[1] He claims his right to a jury trial was violated and that the trial court abused its discretion in rejecting his guilty plea. We find no merit to these claims and affirm the judgment.

*Facts*

On September 7, 1986, defendant, an inmate of the Santa Clara County jail pending transfer to state prison, escaped with another inmate by cutting through a wire fence. Defendant was later captured in Nevada and returned to California.

*Discussion*

I. *Right to Jury Trial*

Defendant contends his constitutional right to a jury trial was infringed. Citing our decision in *People* v. *Lozano* (1987) 192 Cal.App.3d 618 [237 Cal.Rptr. 612], he asserts force and/or violence is an element of the crime of forcible escape. Here, however, the information, jury instructions, and verdict form did not present force as an element of forcible escape but rather as a separate allegation to be found true. He claims because this procedure required the jury to render a special verdict from which the trial court drew the legal conclusion of guilt, it violated his

---

[1] Unless otherwise specified, all further statutory references are to the Penal Code.

right to a general verdict of guilt rendered by the jury.[2] We find no constitutional violation.

■ Initially, the Attorney General suggests the information, instructions, and verdict form properly made the use of force a special allegation. We disagree.

In *People v. Lozano, supra,* 192 Cal.App.3d 618, 628-633, the information, instructions, and verdict form were essentially identical to those here, and the defendant similarly claimed their use violated his constitutional right to a jury trial, more specifically to a general jury verdict of guilt on all elements of the crime of forcible escape. (*Id.* at p. 528.) The Attorney General, on the other hand, claimed there was but one crime of escape, for which the penalty could be enhanced if force and/or violence was used. (See *id.* at pp. 631-632.)

In *Lozano,* we reversed the judgment on other grounds and did not reach the constitutional question. However, we reviewed the statutory scheme proscribing escapes and noted the Legislature added the element of force or violence to simple escape and prescribed a different and greater penalty for forcible escape. Consequently, we concluded simple and forcible escape were separate and distinct offenses and, for guidance on remand, explained that the information, instructions, and verdict form should treat the use of force and/or violence not as a special enhancement allegation but rather as an element of the crime. (192 Cal.App.3d at pp. 629-633.)

The Attorney General notes our analysis in *Lozano* was dictum and suggests we reconsider it, citing the very authority we rejected in *Lozano.* Upon review, however, we remain convinced that our original view is correct and now adopt it.[3] Consequently, as the court in *Hopkins v. Commonwealth* (Ky. 1957) 301 S.W.2d 586, 588, stated with rustic brevity, "[T]he 'dictum' now becomes 'sticktum[.]' "

■ With that matter settled, we turn to the question of whether the procedures used below infringed upon defendant's right to a jury trial. We think not.

In *People v. Davenport* (1985) 41 Cal.3d 247 [221 Cal.Rptr. 794, 710 P.2d 861], our Supreme Court discussed whether the special finding as to the

---

[2] Defendant is entitled to raise this issue on appeal despite his failure to make an appropriate objection below. (*People v. Ramirez* (1987) 189 Cal.App.3d 603, 618, fn. 29 [233 Cal.Rptr. 645].)

[3] *Lozano* involved section 4532 subdivision (a) rather than subdivision (b), applicable here. However, for purposes of this case, the difference between the two subdivisions is immaterial and does not render our analysis in *Lozano* inapplicable to subdivision (b).

truth of a special circumstance making a first degree murder charge a capital offense amounted to a special verdict. (*Id.* at p. 274.) The court pointed out section 190.2 required the jury "to reach a conclusion as to whether or not the charged special circumstance is true by applying legal principles on which they are instructed to the evidence presented to them" beyond a reasonable doubt and by unanimous verdict. Hence it "does not contemplate that a jury will return the kind of special verdict provided in section 1152." (*Ibid.*) And because the statute requires "a finding of the *truth* or lack of truth of each circumstance, not of the facts upon which that finding is based," it does not function like a special verdict statute. (*Id.* at p. 275, italics in original.)

In *People v. Ramirez, supra,* 189 Cal.App.3d 603, a case similar to ours, the information charged the defendants with rape (§ 261, subd. (2)) and specially alleged that they acted in concert (§ 264.1). (*Id.* at p. 618.) The jury instructions and the verdict forms mirrored the information, and the defendants were convicted of and sentenced for rape in concert. (*Ibid.*) On appeal, however, they claimed this procedure "infringe[d] on the constitutional right to a jury trial by requiring the jury to render a special rather than a general verdict, that is, by having the jury make the factual finding of acting in concert from which the *court* draws the legal conclusion of guilt of rape in concert under section 264.1[]." (*Ibid.*)

The court found that rape in concert under section 264.1 is a separate offense, not an enhancement, and, therefore, should not have been pled as a separate special allegation. (189 Cal.App.3d at p. 621; see *People v. Best* (1983) 143 Cal.App.3d 232, 236 [191 Cal.Rptr. 614].)

Nevertheless, the court rejected the defendants' constitutional claim. Citing *People v. Davenport, supra,* 41 Cal.3d 247, the court explained, "The jury was instructed on the meaning of 'in concert' and the requirement that they find such act beyond a reasonable doubt.[] In finding the truth of this allegation (as finding guilt under section 261, subdivision (2)), the jury reached a determination by applying the legal principles they were instructed upon to the facts in evidence. Since the jury had convicted of the simple rape charge (§ 261, subd. (2)), the in concert finding was the only legal conclusion required by section 264.1. The court drew no further conclusion by sentencing as authorized under section 264.1; it simply made operative the conclusion, reached by the jury beyond a reasonable doubt, that appellants had committed a violation of section 261 while voluntarily acting in concert[]." (189 Cal.App.3d at p. 620.)

We find this analysis persuasive and applicable in this case. Here, the jury was instructed on the meaning of "force" and further told that all facts

essential to complete a set of circumstances necessary to establish defendant's guilt must be found beyond a reasonable doubt. In finding defendant guilty of simple escape and that he used force, the jury applied legal principles to the facts, leaving nothing for the court to do but make operative the jury's verdict. Thus, as did the court in *Ramirez,* we find no interference with defendant's constitutional right to a jury trial.

## II. *Guilty Plea*

█ Defendant contends that the trial court erred in refusing to accept his *Alford* plea.[4] This claim is meritless.

Just before trial, defense counsel indicated defendant wanted to plead guilty to forcible escape with a stipulated sentence of two years. The court voir dired defendant concerning his rights and his desire to waive them. Finally the court asked whether the plea was free and voluntary. Defendant said it was not because, as he put it, "I ain't got no rights[.]" Defendant then said he wanted to defend himself.

After a brief discussion, defense counsel asked the court whether it would accept a *"Bunnell* submission."[5] However, the prosecutor opposed the idea. Defense counsel then made another suggestion. He said, "there is a case, the Plaintiff's name escapes me but it's something versus North Carolina wherein the Defendant is entering a plea not because he is in truth and in fact guilty, but rather than incur the risk of going to trial based upon a substantial weight of the evidence that he would most likely be convicted and that would be the basis for his entry of the plea."

The court responded, "It's an Alford type plea and it also sounds like a plea of no contest and this Court is not inclined to accept such a plea nor do I believe I have to." Defense counsel agreed that acceptance of the plea was discretionary with the court, and the court said it would not accept the plea.

Defendant now claims the court abused its discretion in "not inquiring further about the *possibility* of an *Alford* plea and permitting [defendant] to accept such a plea, rather than go through the farce of a trial." (Italics added.)

Under the circumstances, we find no abuse of discretion. Defendant's previous statement to the court provided grounds to question whether any plea would be voluntary. Moreover, defendant cites and we know of no

[4] *North Carolina* v. *Alford* (1970) 400 U.S. 25 [27 L.Ed.2d 162, 91 S.Ct. 160].
[5] *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086] [submitting case on preliminary hearing transcript].

authority requiring the trial court to investigate "the possibility" that a defendant might be willing to make an *Alford* plea.

Indeed, *North Carolina* v. *Alford, supra,* 400 U.S. 25, does not support such a proposition. There the court concluded only that a guilty plea is not per se involuntary and invalid because it is based on the defendant's desire to avoid a harsher sentence even though it is also accompanied by his or her protestations of innocence. (*Id*. at pp. 31-39 [27 L.Ed.2d at pp. 167-172].) The court pointed out, however, "Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court [citation], although the States may by statute or otherwise confer such a right." (*Id*. at p. 38, fn. 11 [27 L.Ed.2d at p. 172].)

Defendant's reliance on *United States* v. *Davis* (7th Cir. 1975) 516 F.2d 574 and *United States* v. *Gaskins* (D.C. Cir. 1973) 485 F.2d 1046 [158 App.D.C. 267] is misplaced. In those cases, the appellate courts found an abuse of discretion because the trial courts refused to accept a guilty plea simply because the defendants maintained their innocence. This case and the alleged error by the trial court are wholly distinguishable.

The judgment is affirmed.

Cottle, J., and Elia, J., concurred.