Filed 3/6/13  P. v. Wiley CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOMMY WILEY, III,<br><br>Defendant and Appellant. | F062649<br><br>(Super. Ct. No. VCF236049)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Gomes, J. and Franson, J.

A jury convicted Tommy Lee Wiley, III, of premeditated attempted murder and assault by means likely to produce great bodily injury. In a separate bench trial, the court found true allegations that Wiley was previously convicted of a serious felony within the meaning of California's Three Strikes law and served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).[1] This appeal concerns the outcome of the bench trial.

The trial court's finding of a prior serious felony conviction was based on Wiley's plea of no contest in 1998 to the charge of drawing or exhibiting a firearm with intent to resist arrest under section 417.8. Relying on the premise that it is possible to violate section 417.8 without committing a serious felony, both Wiley and respondent contend that the finding was not supported by substantial evidence. We agree with their analysis and conclude that Wiley is entitled to a limited retrial of the prior serious felony conviction allegation.

The parties raise an additional issue regarding the trial court's failure to impose a sentence enhancement for each of Wiley's two prior prison terms as required by section 667.5(b). A one-year enhancement for each prior separate prison term served for any felony is mandatory unless a prior term is stricken, which did not occur in this case. On remand, the trial court must either strike Wiley's prior prison term or resentence him in accordance with section 667.5(b).

Finally, there are clerical errors in the abstract of judgment that need to be corrected. The errors are discussed below. We will remand the matter for further proceedings consistent with this opinion.

---

[1] Undesignated statutory references are to the Penal Code. Section 667.5, subdivision (b) is hereafter abbreviated as section 667.5(b).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2011, a jury found Wiley guilty of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a); Count 1) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(1); Count 2). Under Count 1, the jury found true enhancement allegations for personal use of a firearm (§ 12022.53, subd. (b)), personal and intentional discharge of a firearm (12022.53, subd. (c)), and personal infliction of great bodily injury (§ 12022.7, subd. (a)). Under Count 2, the jury also found true enhancement allegations for personal use of a firearm and personal infliction of great bodily injury.

Wiley waived his right to a jury trial on allegations under Counts 1 and 2 that he had suffered a prior "strike" conviction for a serious felony (§§ 1170.12, subds. (a)-(d), 667, subds. (a)(1) & (b)-(i)) and had served two prior prison terms within the meaning of section 667.5(b). These issues were addressed in a bifurcated bench trial held on May 12, 2011. The prosecution's case consisted of testimony by a fingerprint technician from the Tulare County Sheriff's Department and a section 969b packet, i.e., certified records from the California Department of Corrections pertaining to Wiley's criminal history. The defense did not present any evidence.

The section 969b packet included a chronological history of incarceration, fingerprint cards, booking photographs, two felony complaints filed by the Tulare County District Attorney, trial court minute orders, and two abstracts of judgment. These documents showed that Wiley was convicted of a felony in 1998 and sentenced to three years in prison after pleading no contest to a charge of drawing or exhibiting a firearm with intent to resist arrest in violation of section 417.8. He was convicted of a second felony in 2003 and sentenced to three years in prison for violating section 12021, subdivision (a)(1), as a felon in possession of a firearm. Due to numerous parole violations, Wiley's periods of incarceration spanned from October 1998 through November 2008.

The trial court found all enhancement allegations to be true. Wiley was sentenced to state prison for an indeterminate term of 14 years to life on the Count 1 offense, plus consecutive terms totaling 29 years for the various enhancements. The true findings of a prior serious felony conviction and two prior prison terms respectively accounted for five years and one year of the consecutive sentences. For the Count 2 offense, the court sentenced Wiley to four years in prison plus 14 years of consecutive enhancements, including five years for the prior serious felony conviction and two years for the prior prison terms. Execution of the Count 2 sentence was stayed pursuant to section 654.

## DISCUSSION

### Prior Serious Felony Enhancement

The Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) imposes enhanced punishment upon defendants who have previously been convicted of a serious felony as defined by section 1192.7, subdivision (c). (*People v. Towers* (2007) 150 Cal.App.4th 1273, 1277 (*Towers*).) Such convictions are known as "strikes." The prison sentence for a current serious felony conviction is subject to a five-year consecutive enhancement if the defendant is found to have suffered a prior strike conviction for a serious felony. (§ 667, subd. (a)(1).)

The existence of a prior strike must be proven beyond a reasonable doubt. (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.) "When a defendant challenges the sufficiency of the evidence to uphold a finding that his prior convictions qualified as strikes, the test on appeal is whether a reasonable trier of fact could have found that the prosecution sustained its burden. We review the record in the light most favorable to the trial court's findings." (*Towers*, *supra*, 150 Cal.App.4th at p. 1277.)

Wiley's prior conviction under section 417.8 is undisputed. Section 417.8 is violated by any person "who draws or exhibits any firearm, whether loaded or unloaded, or other deadly weapon, with the intent to resist or prevent the arrest or detention of himself or another by a peace officer…." This crime is not listed among the serious

4.

felonies enumerated in section 1192.7, subdivision (c). The People argued that Wiley's conviction qualified as a "felony in which the defendant personally used a dangerous or deadly weapon" within the meaning of section 1192.7, subdivision (c)(23).

The People submitted that "a violation of Penal Code section 417.8 may or may not be a strike depending on the weapon used." The trial court was then asked to consider allegations in the 1998 felony complaint[2] concerning the display of a .38 caliber revolver. Based on this evidence, the court found that Wiley's prior conviction constituted a serious felony strike.

While we agree that the type of weapon used is a relevant inquiry, it is not dispositive of the issue. "By its terms, subdivision (c)(23) applies only to a felony 'in which the defendant *personally* used a dangerous or deadly weapon.'" (*People v. Piper* (1986) 42 Cal.3d 471, 475-476, italics in original.) Wiley and respondent correctly argue that a person can be found guilty of violating section 417.8 without personally drawing or exhibiting a firearm. This is possible because California recognizes aider and abettor liability. (§ 31.) As such, Wiley's plea of no contest to the section 417.8 offense is not per se evidence of a serious felony conviction. (See *People v. Woodell* (1998) 17 Cal.4th 448, 453 ["The weapon use must be *personal*, not vicarious; aiding and abetting another who used a deadly weapon would not suffice."].)

A plea of no contest admits the elements of the crime, but does not constitute an admission of any aggravating circumstances. (*People v. French* (2008) 43 Cal.4th 36, 49.) An abstract of judgment establishes the "least adjudicated elements" of the charged offense. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261.) When such evidence does not prove the serious felony allegation, the trier of fact may examine the entire record of conviction to resolve the issue. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065-1066 (*Delgado*).) "[I]f the prior conviction was for an offense that can be committed in

---

[2] (*People v. Wiley* (Super. Ct. Tulare County, 1998, No. C58594).)

multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. [Citations.] In such a case, if the statute under which the prior conviction occurred could be violated in a way that does not qualify for the alleged enhancement, the evidence is thus insufficient, and the People have failed in their burden." (*Delgado, supra,* 43 Cal.4th at p. 1066.)

The trial court was permitted to draw reasonable inferences from the felony complaint against Wiley and the allegations therein. (*Delgado, supra,* 43 Cal.4th at p. 1066; *People v. Colbert* (1988) 198 Cal.App.3d 924, 930.) The complaint, however, does not specifically allege Wiley's personal use of a firearm in connection with the section 417.8 offense, nor does it seek special enhancements for such conduct (e.g., §12022.5, subdivision (a)). Although Wiley was the only defendant named in the complaint, this does not foreclose the possibility that he aided and abetted an accomplice. (See *People v. Henley* (1999) 72 Cal.App.4th 555, 562 ["There may, however, be many reasons why an accomplice is not charged and tried jointly with the defendant."]; cf. *People v. Equarte* (1986) 42 Cal.3d 456, 460 [defendant's personal use of a firearm was adequately established because the evidence at trial "clearly demonstrated that there had been no accomplice"].) One who has aided and abetted in the commission of a crime may still be charged as a principal. (§ 31; *People v. Groenig* (1922) 57 Cal.App. 495, 501.)

Viewing the record in the light most favorable to the judgment, we agree with Wiley and respondent that the proffered evidence is insufficient to prove Wiley guilty of a prior serious felony conviction beyond a reasonable doubt. Without further evidence of the underlying circumstances, it must be presumed that the section 417.8 conviction was for the least serious form of the offense, i.e., vicarious liability rather than personal use of a firearm. (*Delgado, supra,* 43 Cal.4th at p. 1066.) Wiley is therefore entitled to a new trial on the issue of the prior serious felony conviction allegation. (See *People v. Barragan* (2004) 32 Cal.4th 236, 239 (*Barragan*) [retrial of a strike allegation following

6.

reversal of true finding for insufficient evidence is permissible and proper]; *People v. Sotello* (2002) 94 Cal.App.4th 1349, 1354-1357 [same].)

Retrial will not violate constitutional protections against double jeopardy or any principles of due process, law of the case, or res judicata. (*Barragan*, *supra*, 32 Cal.4th at pp. 241, 243-257.) The prosecution may present additional evidence within the record of conviction to prove that Wiley's 1998 conviction constituted a serious felony strike. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1133.) This may include transcripts from the underlying proceedings and any change of plea forms that were used. (*People v. Sohal* (1997) 53 Cal.App.4th 911, 916 [reporter's transcript of defendant's plea]; *People v. Carr* (1988) 204 Cal.App.3d 774, 778 [change of plea form].) However, as Wiley notes in his briefs, the prosecution may not call witnesses to testify about the facts of his prior crimes. (*People v. Kelii* (1999) 21 Cal.4th 452, 456-457.) The California Supreme Court has also held that a defendant's post-plea statements to a probation officer regarding a prior criminal action are not part of that action's record of conviction. (*People v. Trujillo* (2006) 40 Cal.4th 165, 179.)

**Prior Prison Term Enhancements**

As indicated above, the trial court found that Wiley served two prior prison terms within the meaning of section 667.5(b). At sentencing, the court imposed only a one-year prison term for these enhancements as to the Count 1 offense. A two-year prison term was imposed as to Count 2. No explanation was given for this discrepancy, nor did the court strike any of the section 667.5(b) allegations.

Subject to an exception not applicable here, section 667.5(b) requires a one-year enhancement for each prior separate prison term served for any felony. When a trial court finds a prior prison term allegation to be true, it must either impose the additional one-year term or strike the allegation. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 [prior prison term enhancement is "mandatory unless stricken"]; *People v. Campbell* (1999) 76 Cal.App.4th 305, 311 ["the court must either impose the prior prison

7.

enhancements or strike them"].)  "The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal."  (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.)

The trial court has discretion to strike a prior prison term enhancement.  (§ 1385, subd. (a).)  In exercising such discretion, the court must identify which prior conviction it is striking and provide a statement of reasons for doing so "in an order entered upon the minutes."  (*Ibid.*; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531-532.)  On remand, the trial court must strike or impose Wiley's second prior prison term enhancement as to the Count 1 offense in compliance with sections 667.5(b) and 1385, subdivision (a).

## Errors in the Abstracts of Judgment

"[C]lerical errors [and] discrepancies between an abstract and the actual judgment as orally pronounced are subject to correction at any time, and should be corrected by a reviewing court when detected on appeal."  (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)  Wiley has identified two such issues.  First, the abstract of judgment for Count 1 indicates that he was convicted of premeditated attempted murder in violation of sections "667/187."  The abstract should instead reflect a conviction under sections 664 and 187, subdivision (a).

Second, the abstracts suggest that fees are owed in excess of the amounts actually imposed by the trial court.  Wiley was ordered to pay a court security fee of $80 pursuant to section 1465.8, which translates to $40 for each conviction as required by the statute. (§ 1465.8, subd. (a)(1).)  The court also ordered a criminal conviction assessment of $60 pursuant to Government Code section 70373, i.e., $30 for each conviction.  (Gov. Code § 70373, subd. (a)(1).)  Each of the two abstracts of judgment (one for each conviction) lists a court security fee of $80 and a criminal conviction assessment of $60.  To accurately reflect the trial court's sentence, these fees should only be $40 and $30, respectively.

We presume these discrepancies were the result of clerical error. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [pronouncement of judgment is a judicial function, while entry into the minutes and preparation of the abstract of judgment are clerical functions; thus, any inconsistency is presumed to be clerical error.] The trial court should correct the errors and forward new abstracts of judgment to the Department of Corrections.

## DISPOSITION

The matter is reversed only as to the true finding of the prior serious felony conviction allegation and is remanded for retrial of that allegation, if the prosecution so chooses. The trial court is directed to strike or impose the prior prison term enhancements in accordance with section 667.5(b) and, if necessary, to resentence Wiley. The abstracts of judgment are ordered corrected to indicate a violation of sections 664 and 187, subdivision (a), under Count 1, and to reflect a $40 court security fee and a $30 criminal conviction assessment for each conviction. In all other respects, the judgment is affirmed.