[No. A045675. First Dist., Div. Three. Oct. 26, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ANTHONY ALVARADO, Defendant and Appellant.

[No. A049307. First Dist., Div. Three. Oct. 26, 1990.]

In re JOHN ANTHONY ALVARADO on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Manuel E. Nestle, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Joan Killeen Haller, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STRANKMAN, J.**—John Anthony Alvarado appeals from the judgment after a jury convicted him of two counts of first degree robbery (Pen. Code, §§ 211, 212.5, subd. (a)),[1] and found true an allegation that he had used a firearm in the commission of the offenses. (§ 12022.5, subd. (a).) He contends that evidence that he had robbed two victims in his motel room was insufficient to support convictions of first degree robbery. We find that appellant was properly convicted of first degree robbery, and affirm.

DISCUSSION

I.   <em>Robbery</em>

Appellant's principal argument on appeal presents a narrow question of law. For the purposes of appeal, the parties do not dispute the facts that

---

[1] All further statutory references are to the Penal Code.

raise that issue. We therefore do not provide a detailed summary of facts. Instead, we recite the facts as they are relevant to our discussion.

With respect to appellant's claim that he was improperly convicted of first degree robbery, it is enough to say that appellant lured two itinerant stereo salesmen to a motel room in which he was living, where he robbed them at gunpoint. Appellant argues that he should not have been convicted of first degree robbery. His theory is that although the robbery took place in "an inhabited dwelling house" (§ 212.5, subd. (a) [defining circumstances in which robbery is of the first degree]; and see *People* v. *Fleetwood* (1985) 171 Cal.App.3d 982, 987-988 [217 Cal.Rptr. 612] [hotel room is "inhabited dwelling house" for purposes of robbery statute]), because it was *his* dwelling house, the first degree robbery statute should not apply. Appellant relies on *People* v. *Gauze* (1975) 15 Cal.3d 709, 714 [125 Cal.Rptr. 773, 542 P.2d 1365] (defendant may not be convicted of burglarizing his or her own residence). For the reasons set out below, we disagree and decline to reduce the degree of appellant's robbery convictions.

We begin with the statute. Section 212.5 provides in part that ". . . every robbery which is perpetrated in an inhabited dwelling house, . . . or the inhabited portion of any other building, is robbery of the first degree." (§ 212.5, subd. (a).) The Legislature originally created the residential robbery statute in repealed section 213.5, which provided that "[e]very robbery perpetrated in an inhabited dwelling house or trailer coach as defined in the Vehicle Code is punishable [as provided]." (Former § 213.5, enacted Stats. 1982, ch. 1293, § 2, p. 4783, repealed Stats. 1986, ch. 1428, § 5, p. 5124.) The purpose of former section 213.5 was to remedy "inequitable" differences in penalties for residential burglary and existing robbery offenses. (See Stats. 1982, ch. 1293, § 4, p. 4783 [explaining need for immediate effect of statute].) In 1986, in response to the holding of *People* v. *Beller* (1985) 172 Cal.App.3d 904, 911-912 [218 Cal.Rptr. 488], that former section 213.5 created a new and distinct offense, the Legislature repealed former section 213.5 and enacted its successor, present section 212.5. (See Stats. 1986, ch. 1428, § 6, p. 5124 [expressing intent to abrogate in part holding of *Beller*].)[2] At the same time, the Legislature added to the prohibition against robbery in an "inhabited dwelling house" the additional provision enhancing penalties for robbery committed in "the inhabited portion of any other building." By comparing this history and the language of the statutes to the burglary provisions of the Penal Code, it is clear that the Legislature intended to create an enhanced robbery offense equivalent to first degree burglary. (Compare § 212.5 with § 460 [providing that "burgla-

---

[2] In 1989, section 212.5 was again amended. (Stats. 1989, ch. 361, § 1, No. 6 West's Cal. Legis. Service, p. 1337, No. 4 Deering's Adv. Legis. Service, p. 1237.) The amendments are not relevant to our discussion.

ry of an inhabited dwelling house, . . . or the inhabited portion of any other building, is burglary of the first degree."].) Based on this connection between the robbery and burglary statutes, appellant argues that the "inhabited dwelling house" provisions of the robbery statutes should be limited by the holding of *People* v. *Gauze, supra,* 15 Cal.3d at pages 715-716 (defendant may not commit burglary of own residence). However, it does not follow either from the statutory language or from the Legislature's evident intent to enhance the penalty for residential robbery that the Legislature also intended to import into the robbery statutes the limitations imposed by *Gauze.*

In *Gauze,* the defendant, intending to shoot one of his roommates, entered his own apartment. (*People* v. *Gauze, supra,* 15 Cal.3d at p. 711.) He was convicted of first degree burglary on the theory that he had entered an inhabited dwelling with felonious intent. (*Ibid.*) The *Gauze* court held that the burglary statute "retained two important aspects of [the common law] crime. A burglary remains an entry which invades a possessory right in a building. And it still must be committed by a person who has no right to be in the building." (*Id.,* at p. 714.) Thus, the defendant in *Gauze* could not be guilty of burglary, as he had entered his own home. (*Ibid.*) The court emphasized that the danger the burglary laws were intended to meet was that created by the intrusion of a wrongdoer without permission, and noted that no such danger exists where there is no intrusion. (*Id.,* at pp. 715-716.) In the burglary context, the court's reasoning has great force. As the court pointed out, it would be absurd to find a burglary where a forger, intent upon creating a false document, peacefully enters his or her own house to accomplish the deed. (*Id.,* at p. 716.)

However, the same reasoning does not carry over into robbery. Robbery, unlike burglary, is not a crime which threatens property rights in a particular place. A robbery occurs whenever there is a taking from the person of the victim by force or fear, regardless of the location of the event. (§ 211; and see 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Property, § 635 et seq., pp. 715-726.) For that reason, none of the concerns of the *Gauze* court have any application in a robbery case. First, there is no common law requirement that a robbery occur in any particular place; the Legislature could not have had such a rule in mind when it drafted the robbery statute. Second, the evil to be prevented by robbery statutes is theft by violence, not a trespass with intent to commit some other crime. Third, the absurd result that would follow from a rule which would allow a resident to be convicted of burglarizing his or her own residence is not present. Finally, the penalty enhancement we discuss here is fundamentally different from the issue in *Gauze,* which was whether the defendant could have committed any burglary at all. Here, the question is whether the

penalty for the crime should be increased, not whether the defendant's acts satisfy the basic elements of the offense. The determination of an appropriate penalty does not implicate the social theories on which particular conduct is made criminal. Thus, unlike the *Gauze* court, we need not decide whether the Legislature intended to make residential robbery criminal. Rather, we need only decide whether it intended to punish that crime more severely than other robberies, a much more limited inquiry. We therefore decline to apply the reasoning of *Gauze* to the residential robbery statute.

█ We are not persuaded by appellant's reliance on the reasoning of *People* v. *Fleetwood*, *supra*, 171 Cal.App.3d at page 987. In *Fleetwood*, the issue was whether an occupied hotel room was a residence for the purposes of former section 213.5. (*Fleetwood*, *supra*, at p. 986.) The court held that it was, and noted that "[c]reation of parallel sentencing statutes for residential robbery and burglary requires a similarity of both terms of punishment and application. The same meanings should apply to the identical language in both statutes." (*Id.*, at p. 987.) Appellant argues that *Fleetwood*'s reasoning compels application of *Gauze* to residential robbery cases. Appellant overlooks the fact that the rule of *Gauze* is not found anywhere in the statutes; it is a creature of the common law of burglary and the application of the maxim that statutes will not be construed to produce absurdities. (See, e.g., *People* v. *Oliver* (1961) 55 Cal.2d 761, 766-767 [12 Cal.Rptr. 865, 361 P.2d 593] [reciting instances in which courts rejected absurd applications of penal statutes].) There is no absurdity in increasing the penalty for a robbery committed in one's own home as opposed to one committed in a public street, and no common law rule restricting the variation of penalties for robbery based on the place where the robbery occurs. *Fleetwood* looks to the burglary statute for the proper definition and application of identical express terms found in both burglary and robbery statutes. Its reasoning cannot be extended to reach the unexpressed judicial limitation imposed by *Gauze*. "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citations.] Certainly the court is not at liberty to seek hidden meanings not suggested by the statute or by the available extrinsic aids. [Citations.]" (*People* v. *Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1].) There is nothing in the language of the statute which would limit its effect where the dwelling house or building in question is the robber's own residence, nor have we have discovered anything in the legislative history of the statute which compels the conclusion that the Legislature intended such a limitation. The Legislature evidently thought that a robbery occurring in an inhabited building was a more serious offense than an ordinary robbery, just as it found a robbery committed against a trolley car operator more serious than one committed against an ordinary motorist.

(See § 212.5.) Here, it has enacted increased penalties for robbery committed in an inhabited building and has not expressly exempted the robber's residence from that category. It is not our function to judge the wisdom of the statute, but only to apply it. Unlike the *Gauze* court, we find no compelling reason to read an exemption into the statute which the Legislature omitted to provide.

## II. *Incompetence of Counsel\**

. . . . . . . . . . . . . . . . . . . . . . . . .

## III. *Disposition*

The judgment is affirmed. The petition for writ of habeas corpus is denied.

White, P. J., and Merrill, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 17, 1991. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1165.