[No. A055033. First Dist., Div. Two. Sept. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK DONALD McCULLOUGH, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the first five paragraphs under part II.

## COUNSEL

Gary Brett Beeler, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Joanne S. Abelson and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SMITH, Acting P. J.—A jury found defendant Mark Donald McCullough guilty of robbery in an inhabited dwelling (Pen. Code, §§ 211, 212.5, subd. (a)),[1] assault with a deadly weapon (§ 245, subd. (a)(1)) and false imprisonment (§ 236), not reaching agreement on firearm-use enhancements on each count (§ 12022.5, subd. (a)). The court then separately tried a prior-serious-felony allegation. (§§ 667, subd. (a), 1192.7, subd. (c).) Finding it true, the court denied defendant's motion for new trial and sentenced him to an aggregate term of 11 years in state prison.

The issues raised here are those raised on the new trial motion, and their resolution does not require a detailed recital of the trial evidence.

All charges stemmed from an assault on Allen David Hawkins one night in January 1991 inside a Richmond apartment. The prosecution's theory was that defendant beat, tied up and robbed Hawkins, with help from Billy Proffitt and 15-year-old Amy M. (who testified under immunity). Defendant's story was that he fought with Hawkins over Amy but that Amy and Proffitt alone assaulted, bound and robbed Hawkins.

I

Defendant contends his conviction for residential robbery (§ 212.5) cannot stand because the "residence" in this case was his own. We must

---

[1]All further section references are to the Penal Code.

imply an exception for own-residence robbery, he urges, by analogy to the own-residence exception implied in *People* v. *Gauze* (1975) 15 Cal.3d 709 [125 Cal.Rptr. 773, 542 P.2d 1365] (*Gauze*), for residential burglary (§ 460). The parties debate whether the evidence shows the apartment here to be defendant's, but we find no need to resolve that dispute. The conviction stands even if defendant resided there.

Division Three of this district squarely held in *People* v. *Alvarado* (1990) 224 Cal.App.3d 1165 [274 Cal.Rptr. 452] (*Alvarado*), that residential robbery does apply when the robber resides in the dwelling. We agree and decline defendant's invitation to disapprove that decision.

Residential robbery, like residential burglary, must occur in "an inhabited dwelling house" (§§ 212.5, subd. (a), 460, subd. (a)), and neither statute expressly excepts a defendant's own residence. The exception implied in *Gauze* avoided a construction which would eliminate, with potentially absurd results, burglary's common law need for entry *without right or consent* which *invades a possessory right of habitation.* (*Gauze, supra,* 15 Cal.3d 709, 713-716.) One might otherwise enter his own house with the intent to forge a check and be a burglar, even if he abandoned that intent once inside. (*Id.,* at p. 716.)

No such common law restraints or absurd results are involved in residential robbery. Simple robbery has no entry element. It requires only a felonious taking from another, against his will by force or fear, and may occur anywhere. No trespassory interest is implicated. (§ 211; *Alvarado, supra,* 224 Cal.App.3d 1165, 1167-1169.)

Defendant criticizes *Alvarado* for not articulating a policy purpose for imposing enhanced penalties for robberies committed by people in their own dwellings. We readily discern the purpose. As has been said of burglary, "Persons within dwellings are more likely to resist and less likely to be able to avoid the consequences of crimes committed inside their homes." (*People* v. *Wilson* (1969) 1 Cal.3d 431, 440 [82 Cal.Rptr. 494, 462 P.2d 22].) It is true that burglary adds a risk that *forced entry* will bring a violent response by the resident, a risk which is not necessarily present in a robbery perpetrated by a resident on an ostensible guest. Still, there remains a heightened vulnerability created by the dwelling environment, and the guest is just as vulnerable as the resident. "Victims inside buildings are more vulnerable to felonious conduct than victims out of doors. [Citation.]" (*People* v. *Fleetwood* (1985) 171 Cal.App.3d 982, 987 [217 Cal.Rptr. 612].) "The Legislature could have reasoned that people generally let their guard down inside a residence, providing the robber with the advantages of shock and surprise

which may incapacitate the victim(s)." (*People* v. *Jackson* (1992) 6 Cal.App.4th 1185, 1190 [8 Cal.Rptr.2d 239].) Victims may be *especially* vulnerable when they are guests and their assailant is a resident, one with superior knowledge of the premises and available means of escape or defense. The victim is in the lion's den. We therefore decline to read into section 212.5 an exemption for resident robbers. (Accord *Alvarado, supra,* 224 Cal.App.3d 1165, 1169-1170.)

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Benson, J., and Peterson, J., concurred.

---

*See footnote, *ante*, page 1298.