[No. C013903. Third Dist. Jan. 18, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK ANDREA MORETTO, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III.

**COUNSEL**

Deborah Tuttelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson Chief Assistant Attorney General, Robert R. Anderson, Clayton S. Tanaka and Mathew Chan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SPARKS, Acting P. J.**—The central issue in this appeal is whether a prisoner escaping from a county jail who neither personally used force or

violence nor aided or abetted its use may nevertheless be convicted of forcible escape simply because other prisoners used force in their escape and the defendant prisoner merely took advantage of the situation. Disagreeing with *People* v. *Davis* (1985) 166 Cal.App.3d 760 [212 Cal.Rptr. 673], we hold that the principles of criminal culpability preclude the imposition of liability for forcible escape in such a case.

A jury convicted defendant of possession for sale of methamphetamine (Health & Saf. Code, § 11378) and escape by force from a jail (Pen. Code, § 4532, subd. (b), Stats. 1985, ch. 915, § 1, p. 2911). In a bifurcated proceeding, the trial court found true an allegation that defendant had suffered a prior conviction for violating Health and Safety Code section 11378, thereby warranting a three-year enhancement pursuant to Health and Safety Code section 11370.2. The court also found true an allegation that defendant had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

Sentenced to 13 years in state prison, defendant appeals raising claims of evidentiary and instructional error. In the published portion of this opinion we consider the validity of the forcible escape conviction. In the unpublished portion we consider and reject defendant's remaining claims of error. Accordingly, we shall reverse the forcible escape conviction with directions and affirm the drug conviction.

## FACTS

On September 5, 1991, Butte County deputy sheriffs executed a search warrant on a residence in Magalia. Defendant resided in a studio apartment in the garage of that residence. From the top of a dresser in defendant's studio, officers seized 2 baggies containing a total of 8.7 grams of methamphetamine, scales with white powder residue, and a jar of vitamin powder "commonly used to mix in with the methamphetamine as a dilutant [which] causes . . . a higher quantity of methamphetamine."

As a result of this seizure defendant was arrested and booked for, and later charged with, a felony drug offense. So it was that on September 17, 1991, defendant was incarcerated as a prisoner in the Butte County jail in Oroville. Early that morning he was in the kitchen assisting in the preparation of breakfast. Marcus Cobb, the civilian cook, arrived at the jail between 3:15 and 3:20 that morning. Five other prisoners were also in the kitchen on his arrival. Shortly after arriving, the cook unlocked the freezer compartment, storeroom and delivery room and began gathering items from the storeroom and bringing them into the main area of the kitchen. As the cook was

returning to the storage room for more supplies, two of prisoners "jumped on my back and someone hit me in the back of the head, I don't know who it was." The two prisoners, named Scott and Proffitt, drove the cook to the floor causing his head to hit the cement. These prisoners landed on top of the cook and began slugging him in the face with their fists. As he was being struck by these two prisoners, no other prisoner was seen in the immediate vicinity. But shortly after he tried to push Scott off, the cook saw three other prisoners, including defendant, standing near his legs. He felt his legs being kicked but was unable to see who was kicking him. Proffitt then stuck his hands in the cook's back pocket and extracted his keys. Proffitt then left the room but Scott still remained on top of the cook, continuing to strike him. The cook finally managed to push Scott off him and then Scott took off running. The cook lay on the floor "trying to shake off the beatings to the face and I don't know how long I laid there. . . ." Eventually, he got up and discovered that five of the prisoners, including defendant, had escaped. On November 12, 1991, defendant was arrested in Chico.

At trial, defendant testified he heard a loud slamming from the storage room while he was on cook duty. He walked through the delivery room door and discovered the door to the outside was open. Defendant denied striking the cook and denied seeing anyone else do so. When he saw the door was open, defendant "got the instincts to run and . . . did so" because he was "caughten [sic] with drugs" and "[did not] want to go to the penitentiary."

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . . . . .

II

 Defendant contends the trial court erred in instructing the jury that he could be found guilty of forcible escape even if he did not personally use force or aid and abet its application. The trial court instructed the jury that "[i]t is not necessary to find that the defendant personally used force or violence or aided and abetted another in the use of force or violence in order to find the defendant guilty of escape by force or violence. [¶] If the defendant knew that force or violence had been used by another person to effectuate the escape and the defendant took advantage of that situation to

---

*See footnote, *ante*, page 1269.

make his own escape, you may find the defendant guilty of escape by force or violence in violation of Section 4532(b) of the Penal Code."[4]

Defendant argues that the statute's language does not support this instruction. He contends that the plain meaning of the statutory phrase "by force or violence" requires a defendant's personal application of force or violence to effect an escape, either directly or imputed under aider and abettor or coconspirator theories. We agree.

Penal Code section 4532, subdivision (b), as it read in 1991, the year of the crime, provides in pertinent part: "Every prisoner arrested and booked for, charged with, or convicted of a felony who is confined in any county or city jail, [and] who escapes or attempts to escape from such county or city jail, . . . is guilty of a felony and, if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years to be served consecutively, or in the county jail not exceeding one year; provided, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison for a full term of two, four, or six years . . . ." (Stats. 1985, ch. 915, § 1, p. 2911.)

This statute cannot fairly be read to impose liability for the violent acts of others when the accused is not criminally responsible for those acts. Nor can the element of "force or violence" be read out of the statute and somehow mystically transformed, as it was by the *Davis* court, into an "enhancement."

A crime in California "is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, [specified punishments]." (Pen. Code, § 15.) Parties to crimes—those liable for their commission—are classified as either principals or accessories. (Pen. Code, § 30.) "All persons concerned in the commission of a crime, . . .

---

[4] The court also gave the jury an appropriately modified version of CALJIC No. 7.31 (1992 rev.) (5th ed. pocket pt.), the standard instruction on the crime of escape from jail. As given, this instruction provided: "Defendant is accused in Count 2 of the Information of having committed the crime of escape by force or violence, a violation of Section 4532(b) of the Penal Code. [¶] Every prisoner arrested and booked for or charged with a felony who is confined in any jail who escapes by force or violence from such jail is guilty of the crime of escape by force or violence in violation of Penal Code Section 4532(b). [¶] In order to prove such crime, each of the following elements must be proved: [¶] One, a person was arrested and booked for or charged with a felony; [¶] Two, such person was confined in a jail, and [¶] Three, such person escaped by force or violence from such jail. [¶] The term 'booked' means the recordation of an arrest in official police records and the taking by the police of fingerprints and photographs of the person arrested or any of these acts following an arrest. [¶] The term 'charged with' means that a formal complaint or information alleging the commission of a crime by the defendant has been filed. [¶] As used in the instruction, the words 'force and violence' are synonymous and mean any wrongful application of physical force against property or the person of another."

whether they directly commit the act constituting the offense, or aid and abet in its commission, or not being present, have advised and encouraged its commission, . . . are principals in any crime so committed."[5] (Pen. Code, § 31.) Thus, in order to be liable for a crime a person need not "directly commit the act constituting the offense, . . ." (*Ibid.*) Instead, it is sufficient for a person to be concerned in the commission of the crime by aiding and abetting it. (*Ibid.*)

We turn then to the elements—the acts forbidden—of Penal Code section 4532, subdivision (b).[6] This statute forbids two types of escapes: First, it forbids escape from county jail by certain types of prisoners "not by force or violence." The prisoner so escaping is "guilty of a felony" and is punishable by imprisonment in the state prison for "16 months, or two or three years." Second, the statute forbids escape "by force and violence" and such an escape is also separately declared to be "a felony" punishable "for a full term of two, four, or six years." (Stats. 1985, ch. 915, § 1, p. 2911.)

By the structure of the statute, it is the prisoner who must use force or violence in order to escape, not someone else. The statute begins with "Every prisoner . . . who escapes . . . ." This prisoner must be the one who is "arrested and booked for, charged with, or convicted of a felony," not someone else. The prisoner must also be the one who is "confined in any county . . . jail," not someone else. He must also be the one who escapes and the one who uses or does not use force or violence. The phrase "by force or violence" refers to the term "escape" which in turn refers to the act of the prisoner arrested and booked for, etc. Thus, by the plain words of the statute, it is the prisoner who must personally do the forbidden acts.[7]

Any other reading stands the crime of forcible escape on its head and permits the elements of a crime (the acts forbidden) to be committed by

[5]As the high court explained in *People* v. *Beeman* (1984) 35 Cal.3d 547 [199 Cal.Rptr. 60, 674 P.2d 1318], under Penal Code section 31 "those persons who at common law would have been termed accessories before the fact and principals in the second degree as well as those who actually perpetrate the offense, are to be prosecuted, tried and punished as principals in California. [Citation.] The term 'aider and abettor' is now often used to refer to principals other than the perpetrator, whether or not they are present at the commission of the offense." (35 Cal.3d at pp. 554-555, fn. omitted.)

[6]"[T]he elements of a crime are its requisite (a) conduct (act or omission to act) and (b) mental fault (except for strict liability crimes)—plus, often (c) specified attendant circumstances, and, sometimes, (d) a specified result of the conduct. [¶] Generally, they are spelled out in the statute defining the crime, . . ." (1 LaVave & Scott, Substantive Criminal Law (1986) § 1.8(b), p. 68, fn. 13.)

[7]Of course, the provisions of Penal Code section 31 may make the prisoner liable for the conduct of others. But the challenged instruction eliminated the necessity of finding that defendant aided and abetted the prisoners who actually used force and the jury was not instructed on the principles of conspiracy.

strangers in violation of the principles of criminal culpability. If the "force or violence" associated with an escape could be applied by anyone, as the *Davis* court implies, then a car crashing through a jail fence, a disgruntled jail employee kicking a door open in a fit of anger, a thief forcibly breaking down the door to the jail kitchen to steal food, etc., would each qualify as the act necessary for the force or violence component of the crime of escape. This is because, as we shall see, all that is required under *Davis* is that the escaping prisoner know that the use of force by someone created the conditions making the escape possible. ■ The principles of criminal responsibility, however, forbid holding an accused liable for a crime he did not commit or aid and abet. " 'A defendant in a criminal action . . . is convicted as a principal or accessory or not at all . . . .' . . . 'The liability of a defendant for a criminal act is fixed by the provisions of section 31 of the Penal Code defining principals . . . . Liability attaches to anyone "concerned," however slight such concern may be, for the law establishes no degree of the concern required to fix liability as a principal.' " (*People* v. *Durham* (1969) 70 Cal.2d 171, 184-185, fn. 11 [74 Cal.Rptr. 262, 449 P.2d 198] [quoting *People* v. *Talbott* (1944) 65 Cal.App.2d 654, 664-665 [151 P.2d 317]].) ■ On the other hand, if the defendant is not a principal in the crime of forcible escape—is not concerned with that crime—he cannot be held liable for its commission by others. The simple answer to the construction of the escape statute by the *Davis* court is that an accused cannot be held responsible for the conduct of others unless he aided and abetted them, no matter what he knew.

The *Davis* court's reading of the statute would also conflict with Penal Code section 4530, dealing with escape from prison (rather than county jail), a statute obviously in pari materia with Penal Code section 4532. As such, these statutes should be construed "together as one statute." (*City of Huntington Beach* v. *Board of Administration* (1992) 4 Cal.4th 462, 468 [14 Cal.Rptr.2d 514, 841 P.2d 1034].) Section 4530, subdivision (a), makes it a felony for "Every prisoner confined in a state prison, who, by force or violence, escapes or attempts to escape . . . ." Surely, one cannot argue that the force or violence here may be accomplished by someone other than the prisoner himself (or by someone for whom he is criminally responsible). There is simply no sensible distinction between a prisoner "who, by force or violence, escapes" from prison (Pen. Code, § 4530, subd. (a)) and a prisoner in county jail whose "escape is by force or violence." (Pen. Code, § 4532, subd. (b), Stats. 1985, ch. 915 § 1, p. 2911.)

The *Davis* court, however, rejected the claim that an escapee must either have personally used force or violence or aided and abetted its application. "By such an argument [defendant] would have us convert a penalty into an

element of the crime of escape. It is not; it is simply an *enhancement*. If the crime of escape is accomplished by the use of force or violence, then the penalty is increased. The enhancement provisions expressly focus on whether an 'escape or attempt to escape is by force or violence . . . .' The statute was not drafted in terms of whether a particular prisoner personally or in concert with others used force or violence."[8] (*People* v. *Davis, supra*, 166 Cal.App.3d at p. 767, italics in original.) Consequently, the *Davis* court held "that the [force or violence] provisions in subdivisions (a) and (b) of Penal Code section 4532 apply to prisoners who escape knowing that the previous or contemporaneous use of force or violence created the conditions that made their escape possible." (*Id.* at p. 768.) In our view this conclusion is simply wrong.

Contrary to the claim made in *Davis* that the use of force is simply an enhancement, force or violence is an element of the crime of forcible escape. (*People* v. *Snyder* (1989) 208 Cal.App.3d 1141, 1144 [256 Cal.Rptr.601]; *People* v. *Lozano* (1987) 192 Cal.App.3d 618, 629-633 [237 Cal.Rptr. 612].) As the *Lozano* court explained, the opposite conclusion of the *Davis* court was "without analysis, discussion, or citation to authority . . . ." (*People* v. *Lozano, supra*, 192 Cal.App.3d at p. 633.) The provisions of Penal Code section 4532 relating to forcible escape "do not add more time to a base term; rather, they set forth a separate set of base terms. As such, they do not create an enhancement." (192 Cal.App.3d at p. 633) As the *Lozano* court subsequently explained in *People* v. *Snyder, supra*, 208 Cal.App.3d at page 114, ". . . we reviewed [in *Lozano*] the statutory scheme proscribing escapes and noted the Legislature added the element of force or violence to simple escape and prescribed a different and greater penalty for forcible escape. Consequently, we conclude simple and forcible escape were separate and distinct offenses and, for guidance on remand, explained that the information, instructions, and verdict form should treat the use of force and/or violence not as a special enhancement allegation but rather as an element of the crime." We concur in this assessment of the statute.

Moreover, the *Davis* court did not just delete a statutory element of the crime of forcible escape, it created a new element out of whole cloth: an element of knowledge. For the first time in the history of the statute, that court ruled that escapees must "know[] that the previous or contemporaneous use of force or violence created the conditions that made their escape possible. . . ." (166 Cal.App.3d at p. 768.) On its face, the escape statute

---

[8]The *Davis* court's determination that the element of force or violence was an enhancement is something of a red herring in any event since the critical question is whether the defendant can be held responsible for the acts of others which he neither aided and abetted nor conspired to accomplish.

has no element of knowledge. ■ Needless to say, it is the task of the Legislature, and not the courts, to define crimes and thus to fix their elements. As the California Supreme Court has explained, reviewing courts do not sit as a superlegislature with the power to judicially add or subtract elements of offenses. (*People* v. *Dillon* (1983) 34 Cal.3d 441, 463 [194 Cal.Rptr. 390, 668 P.2d 697].) ■ As legislatively defined, the forcible escape statute requires the accused to either personally use force or violence or be criminally responsible for its use by others. The challenged instruction here erroneously omitted that indispensable element and thus constituted error.

■ Instructions which completely remove an issue from the jury's consideration are to be determined by the "harmless beyond a reasonable doubt" test for federal constitutional error under *Chapman* v. *California* (1967) 386 U.S. 18, 21 [17 L.Ed.2d 705, 708-709, 87 S.Ct. 824, 24 A.L.R.3d 1065]. (*People* v. *Lee* (1987) 43 Cal.3d 666, 671-672 [238 Cal.Rptr. 406, 738 P.2d 752].) ■ Here the instruction completely removed the issue of force or violence applied by the defendant. Under the *Chapman* standard, the error was prejudicial. In the defendant's version of the escape, he did not personally use force or violence and did not aid and abet its application. This factual dispute was not necessarily resolved adversely to defendant under other properly given instructions. Rather, the instruction simply relieved the prosecution of the necessity of proving the element of force by the defendant beyond a reasonable doubt. Consequently, the conviction of escape by force or violence cannot stand.

■ Although defendant's conviction for forcible escape cannot stand, it does not necessarily follow that the conviction for that offense must be unconditionally reversed. Under Penal Code section 1260, a reviewing court is not restricted to the remedies of affirming or reversing a judgment of conviction. ■ " 'Where the prejudicial error goes only to the degree of the offense for which the defendant was convicted, the appellate court may reduce the conviction to a lesser degree and affirm the judgment as modified, thereby obviating the necessity for a retrial.' " (*People* v. *Edwards* (1985) 39 Cal.3d 107, 118 [216 Cal.Rptr. 397, 702 P.2d 555].) ■ In this case, the instructional error went only to the degree of the offense of escape for which defendant was convicted and since the evidence establishes without dispute the commission of the crime of simple escape, we could modify the conviction to simple escape and then affirm the conviction as modified. However, there was sufficient evidence, if believed by the jury under proper instructions, to convict defendant as an aider and abettor of forcible escape and the prosecution may wish to retry defendant on that more serious charge. Accordingly, our disposition should preserve both options. (*Id.* at p. 118.)

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment of conviction for possession for sale of methamphetamine in violation of Health and Safety Code 11378 is affirmed. The judgment of conviction for forcible escape in violation of Penal Code section 4532, subdivision (b), is reversed with these directions: If the People do not bring defendant to trial within 60 days after the filing of the remittitur in the trial court pursuant to Penal Code section 1382, subdivision (a)(2), the trial court shall proceed as if the remittitur constitutes a modification of the judgment to reflect a conviction of simple escape in violation of Penal Code section 4532, subdivision (b), and shall resentence defendant accordingly.

Scotland, J., and Nicholson, J., concurred.

The petitions both respondent and appellant for review by the Supreme Court were denied April 13, 1994.

*See footnote, *ante*, page 1269.